**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-20657
Summary Calendar
_____


MICHAEL BOHANNAN,

Plaintiff-Appellant,


VERSUS


TDCJ-INSTITUTIONAL DIVISION; ET AL.,

Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-1435)
_____
August 20, 1998


Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Michael Bohannan, Texas inmate # 366986, appeals the district court's grant of summary judgment for the defendants in his civil rights suit filed pursuant to 42 U.S.C. § 1983. He also has filed a motion for leave to file a reply brief which was filed out of time. His motion to file the reply brief is GRANTED.

Bohannan alleged that he was denied access to the courts because he was deprived of an adequate law library while he was

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarcerated at the San Saba Transfer Facility in Texas. He argues that none of the defendants, all public officials, were entitled to immunity from suit. We have reviewed the record and parties' briefs and AFFIRM the district court's grant of summary judgment for essentially the same reasons set forth by the district court. Bohannan v. TDCJ, No. H-95-CV-1435 (S.D. Tex. June 25, 1997).

Bohannan argues that the district court failed to address his claim regarding the lack of adequate medical care. He abandoned that claim, however, when he submitted in his first more definite statement that he had since received the medical treatment and that he was not interested in obtaining injunctive relief for the same. He also argues that the district court failed to address his claim that the defendants interfered with his legal mail. Even if Bohannan properly raised the claim in the district court, the fact that this court reversed the district court's dismissal of his suit for failure to provide a second more definite statement indicates that the alleged interference did not prejudice him as a litigant. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Last, Bohannan argues that the district court failed to address his claim that he was retaliated against for filing the instant law suit. Bohannan never sought to amend his complaint to add this claim. Additionally, Bohannan's argument that he was entitled to the appointment of counsel fails. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The judgment of the district court is AFFIRMED.